ALLERTON, The ISAAC.

[See The Isaac Allerton, Case No. 7,087.]

---

ALLIANCE, The.

[See The Gondar, Case No. 5,527.]

---

## Case No. 244.

The ALLIANCE.

[Blatchf. Pr. Cas. 186.][1]

District Court, S. D. New York. July, 1862.

PRIZE—SALE OF PROPERTY PENDING HEARING.

Motion founded on the report of the prize commissioner for an order to sell the cargo, pending the hearing, denied, the proposed sale

[1][Reported by Samuel Blatchford, Esq.]

being earnestly opposed by the claimants, and there being a strong preponderance in the number of witnesses against the necessity of the sale, and the report not being founded on the personal inspection and judgment of the commissioner.

[In admiralty. Heard on motion for an order to sell the cargo, pending a hearing on the merits. Motion denied.]

BETTS, District Judge. In this suit, application was made to the court, on written notice to the proctor for the claimants, and on the report of the prize commissioners recommending such order, for an interlocutory order directing a sale of the cargo above mentioned. or for such other or further order as to the court may seem just and proper. The motion was further supported by affidavits made by Edward W. Blackwell, a gauger of spirits of turpentine, John Camerden, a merchant and wholesale dealer in resin, turpentine, and other naval stores, and Benjamin Bateman, a broker in turpentine, resin, and other naval stores, who all testify that the condition of the cargo and the state of the market are such as to render an immediate sale of this property needful and proper. In reply to these representations, the claimants file affidavits of Charles W. Blossom, William H. Kerr, Call J. Turner, F. A. Blossom, James B. Barney, and John Van Alen, merchants, and others. of this port, conversant with this property, who dissent directly and pointedly from the opinion and statements in favor of the libellants, and assert that the property is not in a condition demanding an immediate sale, and that a sale at this period of the year will be prejudicial to the interests of all concerned in the cargo.

The vessel and cargo were brought into port on the 13th of May last, and no reason is assigned for not previously proceeding to trial and decision in the suit.

Considering, therefore, that the proposed sale is opposed earnestly by the claimants of the property, and by a strong preponderance in the number of witnesses on the question of its necessity, and that there remains no cause, on the evidence for extraordinary dispatch in making such sale previous to the regular condemnation of the property, I shall decline granting the interlocutory decree called for.

The report of the commissioners, when founded upon their personal inspection and judgment in respect to the propriety of the measure, will generally be conclusive with the court.

That I shall be inclined to regard as meant by the act to guide the discretion of the court. But when the decree asked for rests upon "other evidence" than the official finding of facts by the report itself, I must be governed by the evidence conflicting with it, when that has a reasonable preponderance. Motion denied.